[Crim. No. 667.   Fourth Dist.   Mar. 14, 1949.]

THE PEOPLE, Respondent, v. CHARLES ELIAS
McCONAHAY, Appellant.

Meyer & Driezen, N. D. Meyer and Samuel Driezen for Appellant.

Fred N. Howser, Attorney General, and John F. Hassler, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was charged with escape from the lawful custody of a police officer in violation of section 4532 of the Penal Code and, in a second count, with assault with intent to commit murder in that he had assaulted the officers with a revolver with the intent to murder. A jury found him guilty on the first count and not guilty on the second. He has appealed from the judgment and from an order denying a new trial.

About 7 p. m. on June 12, 1948, two police officers were cruising in a police car when they came upon two men near a 1928 Dodge automobile which was standing on a public street in Santa Ana. One of the men, Walker, was holding a license plate in his hand, which was dropped when he saw

the officers. The officers saw the appellant bending over the front of the Dodge and saw him "come up with the license plate" in his hand. It was established that the license plates were registered to the Dodge and that no permission to remove them had been given to the appellant or to anyone else. When asked for their names the appellant told the officers his name was Walker, and Walker said his name was McConahay. When the officers asked them what they were doing there they stated that they were getting license plates for a party named Owens. They further stated that they did not own the car and did not know to whom it belonged. The officers arrested the two men, telling them that they were being arrested for petit theft and taking license plates. The men were searched, two bottles of gin and a knife being found on each man. They then started for the police station, one officer driving the police car while the other sat in the rear seat with these two men.

On the way to the police station the appellant started to scuffle with the officer in the rear seat. There is evidence that the appellant secured this officer's gun and attempted to kill the officer, but the jury found in appellant's favor on the second count. In any event, a scuffle ensued during which the appellant succeeded in getting out of the car and in getting away. He was rearrested the next day.

██ The appellant first contends that the evidence is insufficient to support the verdict. There is no conflict as to the attempted arrest and the escape, the only contention being that the arrest was not legally made. It is argued that since the officers did not have a warrant they were authorized to make an arrest only if a misdemeanor was committed or attempted in their presence, and that the evidence is not sufficient to show such a fact since there is no evidence that the license plates were on the car on the day in question, and no evidence that the officers actually saw the appellant remove a license plate from the vehicle. There is ample evidence that these plates were registered to this car, that the appellant had been given no permission to remove them, and that he did not know who owned the car. Walker was seen standing in front of the car with a license plate in his hand, which he dropped when the officers approached. The appellant was seen bending over the car above the front license plate and came up holding a license plate which had previously been on the car. The appellant told the officers that he was getting the plates for a party named Owens. Although he took the

stand, he did not deny having made this statement to the officers. The appellant testified that no one had given him permission to "play" with the plates, and Walker testified that the appellant had said something about coming out after license plates. These facts, with the reasonable inferences therefrom, were sufficient to show not only petit theft but a violation of section 504 of the Vehicle Code, which forbids tampering with or removing parts from an automobile and provides that a violation thereof is a misdemeanor. It sufficiently appears from the evidence, and the reasonable inferences, that a misdemeanor was committed in the presence of the officers. The officers could, and did, testify to every element necessary and sufficient to sustain a finding that the Dodge was tampered with and that the plates were removed from it. (*People* v. *Craig*, 152 Cal. 42 [91 P. 997].) It cannot be held that the evidence is insufficient to show that a lawful arrest was made.

■ Ten charges of prejudicial misconduct against the district attorney are made by the appellant. In his opening statement the district attorney said that Walker was booked on a charge of petit theft, "and I believe a plea——." Before the sentence was completed appellant's counsel objected, and the court struck out the statement and instructed the jury to disregard it. Neither prejudice nor intentional misconduct appears. ■ In another instance the district attorney asked Walker, on cross-examination, if he had pleaded guilty to petit theft. Walker said he had not. The question was asked for impeachment purposes and the court instructed the jury that any evidence in that connection should be considered for that purpose only. ■ Later, the district attorney asked the city judge whether Walker had pleaded guilty to petit theft. By consent of the defendant the portion of the complaint charging petit theft in the city court was read and the city judge testified that Walker pleaded guilty to that charge, no objection being made. This was also for the purposes of impeachment. ■ Again the district attorney asked the appellant whether he wrote a certain letter, a copy of which was shown him. The appellant stated that he did not write it but that he had authorized the writing of it by another person, and that he had read portions of it but not all of it. The district attorney then asked him whether he had authorized the statement therein "I resisted arrest and started to fight with the cops." An objection was sustained, this portion was stricken, and the jury was instructed to disregard it. It is argued that the appellant did not write

the letter and that the district attorney did not show it to the appellant before asking the question. While the appellant denied authorizing that portion, the letter was shown to the appellant in advance. No misconduct appears and the jury was instructed to disregard it.

■ Misconduct is next assigned in that the district attorney offered in evidence the four bottles of liquor and two knives taken from the appellant and Walker at the time of their arrest. An objection to their admission was sustained. Misconduct is claimed because the district attorney admitted that he was unable to prove which two bottles and which knife came from the possession of the appellant. Neither misconduct nor prejudice appears. ■ In another instance, a police officer was asked whether he had brought a police circular with him. He was then shown a "white document with some black printing and pictures" and asked whether he had seen the document before he shackled the appellant (after his second arrest) to which he replied in the affirmative. The document was then offered in evidence and an objection to it was sustained. The evidence was offered in rebuttal to certain evidence produced by the appellant, and neither misconduct nor prejudice appears. ■ Complaint is next made that the district attorney, by two remarks, injected "innuendos and inferences that the counsel for the appellant was trying to keep the facts from the jury." The incidents were trivial, no assignment of error was made at the time, and no possible prejudice appears.

■ Three assignments of misconduct relate to the district attorney's argument to the jury. First, the district attorney stated that the officers testified that they told the appellant when they arrested him that he was guilty of stealing the license plate. Actually, these officers testified that they told the appellant that he was under arrest for petit theft in that he took the license plate. The difference is immaterial.

■ In the second instance it is said that the district attorney gave his personal opinion that the appellant was guilty. This contention is entirely unsupported by the record. In referring to a portion of the appellant's testimony the district attorney remarked, "that is grabbing at straws. That means that a man that is guilty should not be so found." As the court remarked at the time this was purely the district attorney's "opinion of the evidence as given from the stand."

■ Finally, it is claimed that the district attorney in his argument "made prejudicial innuendos concerning appellant's

counsel.'' In this connection the district attorney referred to the fact that appellant's counsel was public defender and was paid with public funds as was the district attorney, and also stated that this counsel was being paid, in this case, by a private party. It is argued that the district attorney was implying that this counsel was not sincere in his defense of the appellant because it was his duty, as public defender, to defend him. Not only was any such implication clearly not intended, but it would apply equally to the district attorney in any event. The matter was unimportant and could not have been prejudicial. We are unable to see how these various incidents, singly or collectively, could be held to indicate intentional misconduct or to have been sufficiently prejudicial to justify a reversal.

It is next contended that the court erred in refusing to admit testimony as to whether a complaint for theft had been filed against the appellant prior to this action; in sustaining an objection when a doctor was asked to explain in lay terms the meaning of a portion of his testimony; in sustaining an objection to a question asked of the city judge as to what was the maximum sentence for petit theft; and in sustaining an objection when one of the officers was asked for how long a period of time he had observed the Dodge automobile parked in that particular place. The record indicates that these matters were probably immaterial. In any event, no prejudice appears.

It is contended that the court erred in giving instructions on what constitutes petit theft, on tampering as covered by section 504 of the Vehicle Code, and on the elements of an attempt to commit a crime. The only argument made is that there was no evidence to justify the giving of such instructions. That matter has already been covered in our discussion of the sufficiency of the evidence. It is also urged that the court erred in refusing to give two instructions offered by the appellant with respect to the burden of proving a lawful arrest, and to a presumption in favor of the defendant in that connection. These matters were completely and repeatedly covered in the instructions which were given, and no error appears.

The judgment and order appealed from are affirmed.

Griffin, J., and Mussell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 11, 1949.